UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER DESEAN BUTLER, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 1:24-cv-00234 (UNA) |
| PUBLIC AGENCY CPS, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a *pro se* complaint ("Compl."), ECF No. 1. For the reasons explained below, the court denies the IFP application and dismisses the complaint without prejudice, *see* Fed. R. Civ. P. 12(h)(3).

At the outset, the court finds that plaintiff's IFP application is neither properly titled nor properly captioned for this court, *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g), therefore, it is denied. The complaint fares no better. Plaintiff, a resident of California, sues San Bernardino County Child Services and San Bernardino County Superior Court, both located in California, challenging the outcome or a child custody matter, broadly alleging that defendant's determinations violated his constitutional rights. *See* Compl. at 1–2. He asks this court to reverse the local court's determinations and award him custody of his daughter, and he demands that defendants "answer" for their alleged bad acts. *See id.* at 2.

But plaintiff has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. Federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). To that same end, state custody determinations fail to implicate any constitutional or federal statutory rights, and as such, must be contested in the local court where the proceedings were held. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). Simply put, "[e]vents may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Assuming *arguendo* plaintiff had set forth a basis for subject matter jurisdiction, venue is improper in this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a). Here, none of the parties are located in the District of Columbia, and there is no connection between plaintiff's claims and this District.

For the foregoing reasons, this complaint, ECF No. 1, and this case, are dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:   April 17, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge